IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLUWOLE PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1435-O-BN |
| | § | |
| PARIS REGIONAL MEDICAL | § | |
| CENTER, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER TRANSFERRING CASE

Paying the fee to do so, Plaintiff Oluwole Peters filed a *pro se* lawsuit against

Defendant Paris Regional Medical Center ("PRMC") and others, alleging claims

under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act

("ADA"), and the Family and Medical Leave Act (the "FMLA"), based on Peters's

employment as a staff pharmacist at PRMC. *See* Dkt. No. 3.

Chief United States District Judge Reed O'Connor referred this lawsuit to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

While Peters alleges residence in Grand Prairie, Texas, in the Dallas Division

of this district, PRMC is in Paris, Texas, in Lamar County, within the Sherman

Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

Venue as to Peters's claims under Title VII and the ADA are governed by Title

VII's special venue provisions, which "displace[] the general rules for venue." *Dabney*

*v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D.

La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))); *Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 996 (E.D. Tex. 2005) ("The [ADA] incorporates by reference the special venue provisions that Congress enacted for Title VII employment discrimination actions." (citing 42 U.S.C. § 12117)).

Section 2000e-5(f)(3) provides that

[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

So, under Section 2000e-5(f)(3), "venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful

employment practices occurred." *Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 2d 402, 409 (E.D. Tex. 2001) (cleaned up).

And, while venue as to an FMLA claim is governed by Section 1391, under which venue may not be appropriate in this district, "[t]he pendent venue doctrine allows a federal court to hear 'pendent claims' which arise out of the same nucleus of operative fact as a properly venued federal claim, even if the venue of the pendent claim otherwise would not lie." *Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc.*, No. 6:20-cv-00606-ADA, 2021 WL 860006, at *2 (W.D. Tex. Mar. 8, 2021) (citation omitted); *accord Shippitsa Ltd. v. Slack*, No. 3:18-cv-1036, 2019 WL 3304890, at *7 (N.D. Tex. July 23, 2019) ("The court may exercise pendent venue over the remaining claims in Shippitsa's complaint because all of Shippitsa's claims against Wolfson Berg 'derive from a common nucleus of operative facts, and judicial economy is best served by adjudicating those claims in a single forum.'" (quoting *Elmalky v. Upchurch*, No. 3:06-cv-2359-B, 2007 WL 944330, at *7 (N.D. Tex. Mar. 28, 2007))).

Still, 28 U.S.C. § 1404(a) "allows district courts to transfer certain cases for the convenience of parties and witnesses and in the interest of justice" if it's shown that "[t]he new venue [is] clearly more convenient" than the alternative." *In re Google*, 172 F.4th 450, 453 (5th Cir. 2026) (cleaned up).

The Court may raise this issue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte*." (citation omitted)).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Having considered the applicable private and public interest factors, *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), venue is clearly more convenient where Peters was plausibly employed, at PRMC, in Paris, and so in the Sherman Division of the Eastern District of Texas.

For example, the Court may infer from the allegations provided that Peters may now be in this district. But "everything else about [Peters's] work … is located outside this district, and much of it, including coworkers, supervisors, employment records, and work-related documents, are located" in Paris. *Fowler v. Deloitte & Touche, LLP*, Civ. A. No. 15-2695, 2017 WL 1293983, at *8 (W.D. La. Mar. 24, 2017).

Similarly, to the extent that non-party unwilling witnesses will need to be subpoenaed, the Sherman federal courthouse is within 100 miles of PRMC, while the Dallas federal courthouse is not. *See id.*

The Court will therefore transfer this action to Sherman Division of the Eastern District of Texas under Section 1404(a) and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 on **June 5, 2026** to allow any party to file an objection to Chief Judge O'Connor within 14 days after

- 4 -

being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

Only if an objection is filed will the order of transfer be stayed pending further order of the Court.

SO ORDERED.

DATED: May 15, 2026

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE